FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 11 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

REGINA BOSTIC,

                    Plaintiff,

    - against -

JUDGE BLOCK,

                    Defendant.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

16 Civ. 317 (AMD) (LB)

**ANN DONNELLY**, District Judge.

The plaintiff brings this action *pro se* against a judge of this court. Liberally construing the complaint, she alleges dissatisfaction with the Honorable Frederic Block's demeanor during a criminal trial in which Christian John was convicted of murdering her nephew, Jason Bostic. *See United States v. McKenzie et al.*, 11-cr-00405-FB-1. For purposes of this Order only, I grant the plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. However, for the reasons set forth below, the complaint is dismissed. Because I find that amendment of the plaintiff's complaint would be futile, I deny the plaintiff leave to amend.

## BACKGROUND

I take judicial notice that the plaintiff's nephew Jason Bostic was murdered, and a federal jury in the Eastern District of New York found Christian John guilty of his murder. *United States v. McKenzie et al.*, 11-cr-00405-FB-1. That criminal case was before Judge Block, against whom the plaintiff now brings this action. The plaintiff's complaint is brief and largely unintelligible. While she names Judge Block as the sole defendant to her action in the caption of

1

the complaint, she does not connect him to the allegations of her complaint, which seem to be about unspecified racial remarks.

## STANDARD OF REVIEW

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008). I thus read the plaintiff's *pro se* complaint liberally, interpreting it to raise the strongest arguments that it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Moreover, at this stage of the litigation, I assume the truth of all well-pleaded, non-conclusory factual allegations in the complaint. However, under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

To the extent that the plaintiff's complaint can be interpreted to state any claim against Judge Block, a United States District Judge, it is dismissed because judges have absolute immunity for their judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (citation omitted).

Because the plaintiff's allegations involve Judge Block's performance of his judicial duties, the plaintiff's claim is foreclosed by absolute immunity. *See Warden v. Dearie*, 172 F.3d 39 (2d Cir. 1999) (citing *Mireles*, 502 U.S. at 11–12); *Tsitrin v. Vitaliano*, No. 11-cv-5589-NGG

2

MDG, 2012 WL 5289537, at *2 (E.D.N.Y. Oct. 23, 2012) (dismissing *pro se* complaint, removed to the federal court, based on judicial immunity); *Fisch v. Consulate General of Republic of Poland*, Nos. 11-cv-4182-SAS, 2011 WL 3847398 (S.D.N.Y. Aug. 30, 2011) (*sua sponte* dismissing claims against federal judges from suit under doctrine of judicial immunity).

Ordinarily, a *pro se* plaintiff is given an opportunity to amend her complaint if "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal citations omitted). However, where, as here, it is clear from the complaint that she cannot state a claim for relief, the Court need not grant an opportunity to amend. *See, e.g.*, *Ashmore v. Prus*, 510 Fed. Appx. 47, 49 (2d Cir. 2013) *cert. denied*, 133 S.Ct. 2038, 185 L.Ed.2d 887 (2013). Thus, I deny the plaintiff leave to amend her complaint.

## CONCLUSION

Accordingly, the complaint against Judge Block is dismissed because it seeks relief against a defendant who has immunity. 28 U.S.C. § 1915(e)(2)(B)(iii). I deny the plaintiff leave to amend her complaint. I also certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
The Honorable Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
February 11, 2016

3